**Siegfried Wilhelm BRUNNENKANT, Plaintiff,**

v.

**Melvin R. LAIRD, Defendant.**

**Civ. A. No. 2314–72.**

United States District Court, District of Columbia.

July 16, 1973.

Hope Eastman, Washington, D. C., for plaintiff.

Benjamin C. Flannagan, Department of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION AND ORDER

JOHN H. PRATT, District Judge.

This is a suit for declaratory and injunctive relief for the purpose of setting aside defendant's withdrawal of plaintiff's security clearance as an engineer employed by the Boeing Company of Renton, Washington. On October 13, 1969, proceedings to revoke said clearance initiated under Department of Defense Directive 5220.6. After a full evidentiary hearing in the course of which plaintiff was examined extensively concerning his political, social and economic beliefs, the Examiner on September 25, 1970 held in plaintiff's favor determining that "it is clearly consistent with the national interest to continue this applicant's security clearance at the level of Secret." On October 21, 1971, the Appeal Board reversed (one member dissenting). The case is before this Court on cross-motions for summary judgment.

The reasons for the proceedings against plaintiff were that he was a security risk under two criteria established by Directive 5220.6, i. e., (1) Criterion S: Available information reflects facts and circumstances which furnish reason to believe that he may be subjected to influences which may be likely to cause action contrary to the national interest; and (2) Criterion N: That his behavior or activities tend to show that he is not reliable or trustworthy. The sole evidentiary basis for these conclusions was *various expressions of petitioner's opinions* to his co-workers, agents of the Office of Naval Intelligence, a company Security Coordinator and a Supervisor. The single issue presented in the proceedings before the Department of Defense was whether it was clearly consistent with the national interest to continue plaintiff's security clearance at the level of secret in his employment by a private contractor, when

he holds and expresses views which are highly critical and even condemnatory of American foreign policy, and of the capitalist economic system of the United States.

■ It is agreed that our function as a reviewing Court is a limited one and that we are not to determine *de novo* the merits of whether an applicant is entitled to clearance. Our sole function is to determine whether the administrative process accorded plaintiff a fair and impartial adjudication. After reading the entire record, we are satisfied that plaintiff did not receive such an adjudication.

■■ First, the evidence is clearly insufficient to support the conclusory allegation of Criterion S that plaintiff "may be subjected to influences which may be likely to cause action contrary to the national interest." Plaintiff has held the security clearance for 7½ years with no complaints from anyone as to observance of security restrictions or his overall job performance. Admittedly, most of his political, social and economic views are distasteful to many of us and represent a woeful naivete and ignorance of political realities; others have some validity as subsequent events of the past four years have demonstrated. However viewed, these opinions do not make him a poor security risk or one who "may be subjected to influences which may be likely to cause action contrary to the national interest." As the Examiner pointed out, "One may but ask 'Influence from whom or what, and influence to take what action?'" (Examiner's Decision, p. 12). Similarly, these same heterodox opinions, as unrestrained and excessive as some of them appear to be, fall short of constituting "behavior or activities which tend to show that (he is) not reliable or trustworthy." To sum up, there is insufficient evidence to support the charges set forth in the Statement of Reasons (Criteria S and N). Since the essence of a fair and impartial adjudication consistent with the Fifth Amendment is not only a due process hearing but also a decision containing findings based on sufficient evi-

dence, it is our conclusion that the final adjudication of the Appeal Board reversing determination of the Examiner did not meet this standard of fairness.

 Secondly, the withdrawal of plaintiff's security clearance, as a result of his expressions of opinion, is an unconstitutional invasion of his rights under the First Amendment. We do not question the proposition that "the Government can deny access to its secrets to those who would use such information to harm the Nation." United States v. Robel, 389 U.S. 258, 267, 88 S.Ct. 419, 425, 19 L.Ed.2d 508. It is also true where such power of denial is exercised it must be narrowly prescribed in order to protect the rights of the people to express themselves freely on any subject as guaranteed by the First Amendment. In certain circumstances, this requires a balancing process in which important competing interests are defined and weighed. We do not have such a situation in this case and there is no need to balance competing interests. This is because the claimed threat to national security resulting from plaintiff's continued clearance lacks rational support in the only evidence of record and the deprivation of First Amendment rights to express oneself freely on any matter, no matter how unpopular those views may be, is clear and unambiguous. Although defendant disclaims any emphasis on the fact that plaintiff is an immigrant alien from West Germany, and agrees, as well he must, that he is to be judged by the same standards applicable to a citizen of the United States, born or naturalized, we cannot escape the conclusion that plaintiff's foreign origin and nationality have had a distinct bearing not only on the decision to institute proceedings, but, as the hearing record will show, on the efforts of defendant to sustain the charges contained in the Statement of Reasons. These considerations should not obscure the fact that plaintiff, who is still an immigrant alien who has not completed his naturalization, has the same rights freely to give voice to his opinions as any American citizen in the

same circumstances. Bridges v. California, 314 U.S. 252, 62 S.Ct. 190, 86 L.Ed. 192 (1942) and other cases too numerous to cite. Plaintiff's expressions of heterodox political, social and economic views, however distasteful as to content or unwise as to timing, are not only clearly consistent with the national security, but are well within the area of protection provided by the First Amendment.

For all of the foregoing reasons, we deny defendant's motion for summary judgment and grant plaintiff's motion for judgment. An order consistent with the foregoing has been entered this day.